UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON JARREL SPIKES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-3759** |
| **STATE OF LOUISIANA** | **SECTION: "E"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Jason Jarrel Spikes, a state prisoner, filed the instant *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. He named the State of Louisiana as the sole defendant. In his complaint, he claims that his state conviction was secured without the prosecution introducing sufficient evidence of his guilt at trial.[1] In his prayer for relief, he requests: "I want my conviction took back. Also, I want lawsuits for the time I've been locked up. Also for my pain and sufferings."[2]

---

[1] It appears that plaintiff is referencing his state criminal conviction for possession or introduction of contraband in a state correctional institution, a violation of La. Rev. Stat. Ann. § 14:402. See State v. Spikes, No. 2017-KA-0655, 2017 WL 6524791 (La. App. 1st Cir. Dec. 21, 2017). The Louisiana Fourth Circuit Court of Appeal summarized the facts of that case as follows:

> On February 27, 2016, officers with the Washington Parish Sheriff's Office noticed a few inmates, including the defendant, behaving in an unusual manner. The defendant was "staggering around" toward his bunk and appeared to be impaired. The defendant was later found passed out on his bunk. In response to the unusual behavior, the officers cleared the inmates from their cell block and searched the cells. During the search, the officers pulled back the blankets on the defendant's bunk, flipped back the mat, and found a homemade knife. When the defendant was told that the officers found his knife, he responded, "That's okay. I'll just make another one."
> Five days later, on March 3, 2016, the officers smelled something suspicious and noticed that the defendant appeared to be under the influence. The defendant was subsequently escorted out of his cell and searched. During the search, the officers located a pack of suspected synthetic marijuana in the defendant's prison jumpsuit. The substance found in the defendant's jumpsuit was tested and determined to be MDMB-CHMZCA, which is known to be a synthetic cannabinoid.

Id. at *1. Plaintiff was convicted on one count (which involved the homemade knife) and found non-guilty on the second count (which apparently involved the synthetic cannabinoid). He was sentenced in that proceeding as a fourth offender to a term of twenty years imprisonment at hard labor without the benefit of probation or suspension of sentence.

[2] Rec. Doc. 4, p. 5.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Federal law also mandates that federal courts screen cases, such as the instant one, "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Although broadly construing plaintiff's complaint,[3] the undersigned recommends that the complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for the following reasons.

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Plaintiff filed this action pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

However, as an initial matter, the Court notes that one of the forms of relief plaintiff requests, i.e. that his conviction be "took back," is not a form of relief available in a lawsuit filed pursuant to § 1983.  Rather, when a plaintiff is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).

Further, the Court need not construe plaintiff's complaint in part as a federal habeas corpus petition because to do so would be an exercise in futility.  It is clear that a state prisoner must exhaust his remedies in the state courts **before** seeking habeas corpus relief in the federal courts.  28 U.S.C. § 2254(b)(1).  Generally, that requirement is met only if the prisoner has provided the state's highest court with a "fair opportunity to pass upon [his] claim."  Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quotation marks omitted).  Plaintiff has not complied with that requirement.  On May 24, 2018, the undersigned's staff contacted the Clerk of the Louisiana Supreme Court and confirmed that plaintiff has filed **no applications whatsoever** in that court concerning his conviction.  Because he has not given that court a fair opportunity to rule on his

3

claim challenging the sufficiency of the evidence to support his conviction, that claim is necessarily unexhausted. Accordingly, habeas relief is unavailable to plaintiff based on that claim at this time.

Moreover, to the extent that plaintiff is seeking another form of relief which could be awarded pursuant to § 1983, such as monetary damages, his complaint should nevertheless still be dismissed for the following reasons.

First, the sole defendant named in plaintiff's complaint is the State of Louisiana. However, § 1983 claims against the State of Louisiana are clearly prohibited by the Eleventh Amendment. Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010). The United States Fifth Circuit Court of Appeals has expressly held:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev. Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo, 279 F.3d at 281 (quotation marks and citations omitted). Accordingly, plaintiff's § 1983 claim against the State of Louisiana should be dismissed without prejudice pursuant to the Eleventh Amendment for lack of jurisdiction. See Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996); Maize v. Correct Health Jefferson, L.L.C., Civ. Action No. 13-5925, 2013 WL 6490549, at *3 (E.D. La. Dec. 10, 2013); Newson v. Alford, Civ. Action No. 09-6595, 2009

4

WL 4799146, at *2 (E.D. La. Dec. 4, 2009); Tyson v. Tanner, Civ. Action No. 08-4445, 2009 WL 2899815, at *7 (E.D. La. Aug. 31, 2009).

Second, it is also unnecessary to provide plaintiff with an opportunity to amend his complaint to attempt to name a proper defendant because, regardless of the defendant named, his § 1983 claim is currently barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted).

Here, as noted, plaintiff's claim is that his state conviction was secured without the prosecution introducing sufficient evidence of his guilt at trial. However, it is beyond cavil that "[t]he Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 309 (1979). Because a judgment in plaintiff's favor on his claim in this civil action would necessarily imply the invalidity of his state conviction, Heck bars the claim until such time as the conviction has been reversed, expunged, or declared invalid by a state court or a federal habeas court. See, e.g., Knight v. Colens, Civ. Action No. 06-4538, 2006 WL 2849774, at *5-6 (E.D. La. Oct. 3, 2006) (prisoner's § 1983

claim challenging the sufficiency of the evidence used to convict him in state court was barred by Heck).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's § 1983 claim against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** pursuant to the Eleventh Amendment for lack of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifth day of July, 2018.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**